

**ORDERED in the Southern District of Florida on June 30, 2015.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:

PATRICIA ELIAS
a/k/a PATRICIA ELIAS SABBAT,

Case No. 14-26061-BKC-AJC
Chapter: 13

       Debtor(s),
_____/

## ORDER DENYING MOTION TO DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY

THIS MATTER came before the Court for Final Evidentiary Hearing on April 15, 2015 upon the *Debtor's Motion to Value and Determine Secured Status of Lien on Real Property* (the "Motion") [ECF #35] and the *California Club Homes Homeowners' Association, Inc. Amended Response to Motion to Value* [ECF #66].

### FINDINGS OF FACT

1. This Chapter 13 case was filed on July 15, 2014.

2. The Debtor is the co-owner of record of the real property located at 1006 NE 203rd Lane, Miami, FL 33179 (the "Property"), which the Debtor claimed as homestead and has sought to value pursuant to 11 U.S.C. §506.

3. The Property is co-owned with non-debtor Rafael Yves Sabbat, the Debtor's son.

4. The Creditor is a homeowners association and holds a pre-petition lien on the Property pursuant to Fla. Stat. §720.3085.

5. On December 9, 2014, the Creditor timely filed a secured proof of claim with a pre-petition arrearage of $16,364.07.

6. On January 28, 2015, Wells Fargo Bank, N.A. filed a secured proof of claim in the total amount of $231,679.27.

7. On October 15, 2014, the Debtor filed the Motion. The Creditor conceded that Wells Fargo's secured claim is senior in priority to its claim but argued that there is equity in the Property exceeding Wells Fargo's secured claim and, therefore, that the claim is not subject to modification pursuant to the anti-modification provisions of 11 U.S.C. § 1322(b)(2). The Creditor also argued that, even if this Court determined that its claim was wholly unsecured, the strip off of its lien would still not affect the Creditor's right to pursue its state court claims against the Property and against the co-owner Raphael Yves Sabbat, the mortgagees, and subsequent purchasers pursuant to Fla Stat. § 720.3085.

8. At the hearing, the Court questioned whether it could value the Property and strip a lien if the Property is co-owned with a non-debtor. *See, e.g., In re Alvarez*, No. 11-44246, 2012 WL 1425097, at *3 (Bankr. S.D. Fla. 2012). The parties were asked to brief the issue post-hearing in the form of memoranda or opinions. In the interim, the Court heard the testimony of expert witnesses. The Debtor presented the testimony and the appraisal report of Bruce Ownby, a

state certified appraiser, who conducted an appraisal of the Property. Mr. Ownby testified that, as of the date of his appraisal, January 7, 2015, the subject Property had a fair market value of $160,000.00.

9. The Creditor presented the testimony and the appraisal report of Luis Penagos, a state certified appraiser, who conducted an appraisal of the Property. Mr. Penagos testified that as of the date of the filing of the petition, July 15, 2014, the subject Property had a fair market value of $242,000.00.

10. The Court found the testimony of both appraisers equally credible. However, the only testimony as to the value of the Property on the date of filing was presented by the Creditor's expert witness, Mr. Penagos.

## **CONCLUSIONS OF LAW**

The threshold question that must be answered is whether, in the instant case, lien stripping is permitted where a debtor co-owns property with a non-debtor as tenants in common. Courts have uniformly held that lien stripping is not permitted on tenancy by entirety property where only one of the co-owners is a debtor in a bankruptcy case. *Alvarez*, 2012 WL 1425097, at *3; *In re Pierre*, 468 B.R. 419, 421 (Bankr. M.D. Fla. 2012); *See In re Fernandez*, No. 13-14374, 2013 WL 5976249, at *3 (Bankr. S.D. Fla. 2012).   The Court provided the Debtor's counsel the opportunity to persuade the Court that property held by tenants in common should not be treated the same as tenancy by the entirety property, but counsel submitted no further documentation following the hearing. Despite the failure of counsel to persuade this Court with memoranda or case law, the Court is aware that in *In re Abad*, Judge Mark distinguished tenancy by entirety property from tenancy in common property for purposes of valuation and lien stripping. *In re Abad,* No. 12-26435, 2013 WL 324030, at *1 (Bankr. S.D. Fla. 2013). In *Abad*, Judge Mark

denied the Debtor's motion to value and determine secured status of lien because the motion sought relief with respect to the full value of the property, rather than seeking relief with respect to the value of the Debtor's interest in the property. *Id.*

Judge Mark held that, under Florida law, except in cases of estates by entirety, a devise, transfer, or conveyance made to two or more creates a tenancy in common, unless there is an express provision for the right of survivorship. *Abad*, 2013 WL 324030, at *1 (citing Fla. Stat. § 689.15). In the absence of contrary evidence, tenants in common are presumed to own equal, undivided interests in the property. *Gennet v. Docktor* (*In re Levy*), 185 B.R. 378, 381 (Bankr. S.D.Fla. 1995). Because the Warranty Deed conveying the Property to Patricia Elias Sabbat and Raphael Yves Sabbat is silent as to each tenant's proportional ownership interest, each co-owner is presumed to hold a one-half interest in the Property. Thus, because the Debtor holds a one-half interest in the Property, only the Debtor's one-half interest became property of the bankruptcy estate upon the filing of the instant bankruptcy case. *See Abad*, 2013 WL 324030, at *1 (citing *Maitland v. Cent. Fid. Bank (In re Maitland)*, 61 B.R. 130, 132-33 (Bankr. E.D. Va. 1986). As noted by Judge Mark, "because the Debtor only has a one-half interest in the Property, § 506 can only be used to value that proportional interest and not the Property as a whole." *Id.* The Debtor's Motion in this case is similarly flawed as it seeks relief with respect to the full value of the Property. Thus, for the same reasons articulated by Judge Mark in *Abad*, the Motion is denied.

Even assuming the Debtor may seek relief with respect to the full value of the Property, this Court still would not grant the relief the Debtor requests. For purposes of valuing the Debtor's homestead under 11 U.S.C. §506 in a Chapter 13 case, the appropriate date for determination of the value of collateral is the date of filing. *See In re Young*, 390 B.R. 488, 488 (Bankr. D. Me 2008); *In re Dean*, 319 B.R. 474, 479 (Bankr. E.D. Va. 2004). Here, the date of

filing was July 15, 2014. Although the Court found the testimony of the two appraisers equally credible, the only testimony as to the value of the subject Property on the date of filing was presented by the Creditor's expert witness, Mr. Penagos, who valued the Property at $242,000.00. The Court therefore believes that the appropriate value of the Property is $242,000.00 as of July 15, 2014, the petition date.

Moreover, Florida Statute §720.3085 grants Homeowners Associations both *in personam* and *in rem* rights against subsequent owners of the Property that are not impaired by the application of 11 U.S.C. §506.[1] Even if there was no equity in the Property and the Debtor was able to strip off the Association's lien, such Order would have no effect on the Association's *in rem* and *in personam* rights against non-debtor owners, mortgagees and subsequent purchasers. Non-debtors are not entitled to the Bankruptcy Code's avoidance powers. *See In re Gonzales,* 2010 WL 1571172, at *3 (Bankr. S.D. Fla 2010); *See also In re Fernandez*, 2013 WL 5976249, at 1; *In re Fried*, Case No. 14-16733-JKO. (Bankr. S.D. Fla 2014).

Because on the date of filing there was equity in the Property over and above the senior lien of Wells Fargo, the Debtor may not strip off the California Club Homes Homeowners

---

[1] §720.3085.(2)(a)(b) Fla. Stat. provides:

2)(a) A parcel owner, regardless of how his or her title to property has been acquired, including by purchase at a foreclosure sale or by deed in lieu of foreclosure, is liable for all assessments that come due while he or she is the parcel owner. The parcel owner's liability for assessments may not be avoided by waiver or suspension of the use or enjoyment of any common area or by abandonment of the parcel upon which the assessments are made.
(b) A parcel owner is jointly and severally liable with the previous parcel owner for all unpaid assessments that came due up to the time of transfer of title. This liability is without prejudice to any right the present parcel owner may have to recover any amounts paid by the present owner from the previous owner. For the purposes of this paragraph, the term "previous owner" shall not include an association that acquires title to a delinquent property through foreclosure or by deed in lieu of foreclosure. The present parcel owner's liability for unpaid assessments is limited to any unpaid assessments that accrued before the association acquired title to the delinquent property through foreclosure or by deed in lieu of foreclosure.

Association's lien pursuant to the anti-modification provisions of 11 U.S.C. § 1322(b)(2). It is therefore

ORDERED AND ADJUDGED that the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* held by the California Club Homes Homeowner's Association is DENIED.

###

Copies furnished to:
SAX, WILLINGER & GOLD
Stuart M. Gold, Esq.
5801 NW 151 Street, Ste. 307
Miami Lakes, FL 33014

*Attorney Gold is directed to immediately serve a conformed copy of this Opinion to all interested parties*